# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JESSICA STROTHER<br><br>　　　　　　　　*Plaintiff,*<br><br>v.<br><br>COUNTY OF ALBEMARLE<br><br>　　　　　　　　*Defendant.* | CASE NO. 3:23-cv-00012<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant County of Albemarle's motion to dismiss, Dkt. 7. Plaintiff Jessica Strother filed a *pro se* Complaint against her employer, the County of Albemarle, asserting a Title VII claim for discrimination and/or retaliation. Because the Complaint fails to state a Title VII claim, it will be dismissed.

## Background

The following facts are alleged in Plaintiff Strother's Complaint and must be assumed true for purposes of resolving a motion to dismiss. *See King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016) (reiterating the appropriate standard of review). Strother has been employed with the County since April 2013. Dkt. 2 ("Compl.") ¶ 9F. She alleges that her supervisors advised her that she could not telework or perform her work duties from home, and if she did not return to work, she "would need to either submit [her] resignation or [her] employment would be terminated." *Id.* ¶ 9B.[1] But she alleges they allowed a white woman with the same job title as

---

[1] In her opposition to the motion to dismiss, Strother further explains that Mr. Couture, her manager at the time, sent an email on February 26, 2021 explaining that "work from home status has not had a negative impact on our operations" and "might possibly be more efficient for a lot of people." Dkt. 16 at 1 (citing *id.* (Ex. A)).

1

Strother to telework "at her own discretion . . . without any threat to her employment status." *Id.*[2] Strother contacted HR, and HR told her "it was all a misunderstanding" and that Strother should speak to management. *Id.* ¶ 9E.

Strother filed an initial complaint in 2021 and filed a Charge of Discrimination with the EEOC in September 2021. *Id.* ¶¶ 3–6. After filing her initial complaint, she had "become withdrawn from work," and "sought therapy/counseling." *Id.* ¶ 9F. She alleges that "co-workers and managers noticeably started treating [her] differently[,] and [she] felt alienated on a daily basis." *Id.* Strother is "paranoid and scared of what her future might look like." *Id.* She also alleges that when a white co-worker complained about her manager in September 2022, "there was an immediate investigation, which resulted in his termination," unlike when she filed her initial complaint about the same individual. *Id.* Strother is still an employee of the County. *Id.* ¶ 9H.

## Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The purpose of a Rule 12(b)(6) motion is to "test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King*, 825 F.3d at 214 (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)). "Thus, when considering a motion to dismiss, a court must consider the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Bing v. Brivo Systems, LLC*, 959 F.3d 605, 616 (4th Cir. 2020). Nevertheless, only facts can render a claim for relief plausible.

---

[2] In her opposition to the motion to dismiss, Strother explains that this white co-worker, like Strother, had caregiver responsibilities, and they also shared the same job title (Lead Tax Specialists) and functions. *Id.* at 2 (citing *id.* (Ex. F)). However, management let the white coworker telework when she chose to do so but did not allow Strother to do the same. *Id.*

"[F]ormulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor is it sufficient for a plaintiff to plead facts merely consistent with liability. The plaintiff must plead enough factual content to nudge a claim across the border from mere possibility to plausibility. *Id*. at 570; *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Further, district courts must construe *pro se* complaints liberally, but that "does not require those courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Analysis

The factual allegations in Strother's Complaint fall short of pleading a plausible claim under Title VII.[3] "Direct evidence of discrimination is either direct evidence of a stated purpose to discriminate, or circumstantial evidence of sufficient probative force to raise a genuine issue of material fact." *Demuren v. Old Dominion Univ.*, 33 F. Supp. 2d 469, 478–79 & n.12 (E.D. Va. 1999), *aff'd* 188 F.3d 501 (4th Cir. 1999) (internal citations omitted). The Fourth Circuit has recognized that "[i]n the employment context, direct evidence of discrimination is 'evidence of conduct or statements that both reflect directly on the alleged discriminatory employment

---

[3] Plaintiff attaches nine exhibits to her response in opposition, Dkt. 16. Generally, at the motion to dismiss stage, a court should focus on the sufficiency of the facts alleged by the plaintiff in the complaint. *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015). "Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment." *Id.* (internal citation omitted). However, a court may consider a document attached to a motion to dismiss when it is "integral to and explicitly relied on in the complaint" and authenticity is not disputed. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (internal citations omitted); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). "A document is integral to a complaint where its very existence, and not the mere information it contains, gives rise to the legal rights asserted or where the legal rights at issue in the complaint rely heavily upon its terms and effect." *Moler v. Univ. of Md. Med. Sys.*, No. 1:21-cv-01824, 2022 WL 2716861, at *2 (D. Md. July 13, 2022) (internal quotation marks and citations omitted). Defendant relies on Plaintiff's exhibits in its reply brief and does not dispute their authenticity. Dkt. 18. As both parties rely upon Plaintiff's exhibits, the Court thus considers Plaintiff's exhibits at the motion to dismiss stage.

decisions.'" *Johnson v. Mechs. & Farmers Bank*, 309 Fed. Appx. 675, 681 (4th Cir. 2009) (internal citations omitted). Strother alleges that Chief Financial Officer Nelsie Birch's assistant emailed her on April 9, 2021, stating that Ms. Birch was preparing to offer a person of color the job of assistant CFO and "Nelsie thought it might be helpful for her to be able to speak and ask questions she might have about [Strother's] experience living here (for [her]self but also as a parent)." Dkt. 16 at 1 (citing *id.* (Ex. B)). It is not clear why Strother's allegation that Ms. Birch sought her (a person of color's) help in recruiting another person of color should be construed as evidence of racial discrimination. Thus, the Court determines that these factual allegations are insufficient to show direct evidence of racial discrimination.

Further, Strother fails to show she suffers from an adverse employment action. A plaintiff can establish a *prima facie* case of discrimination by showing "(1) that [s]he is a member of a protected class; (2) that [s]he suffered from an adverse employment action; (3) that . . . [s]he was performing at a level that met [her] employer's legitimate expectations;" and (4) that she was treated differently than similarly situated employees outside the protected class. *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 219 (4th Cir. 2016) (quoting *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003)). And "[a]n adverse employment action is a discriminatory act which adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004) (internal references and quotation marks omitted). An adverse employment action "denotes some direct or indirect impact on an individual's employment as opposed to harms immaterially related to it." *Adams v. Anne Arundel Cnty. Pub. Sch.*, 789 F.3d 422, 431 (4th Cir. 2015). So Strother must show "a significant change in employment status, such as hiring, firing, failing to promote, reassignment

4

with significantly different responsibilities, or a decision causing a significant change in benefits." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011). But she fails to do so.

Strother alleges that she could not telework and would either need to resign or be terminated if she did not return to work, which does not amount to an adverse employment action. *See, e.g.*, *Gaines v. Baltimore Police Dep't*, 2023 WL 2185779, at *17 (D. Md. Feb. 22, 2023) ("Nor is there any indication that the threat of termination had any tangible effect on the terms or conditions of plaintiff's employment . . . Without such an effect, there is no adverse employment action."). She also argues that "[t]he adverse employment action was [her] loss of wages, due to taking leave to save [her] job." Dkt. 16 at 2. But she was permitted to take paid leave under the Emergency Family and Medical Leave Expansion Act ("EFMLEA"), *id.* (Exs. E, H), which permitted employees to take up to ten weeks of paid leave at two-thirds of their regular pay when employees lacked childcare for reasons related to COVID-19. *See* 29 C.F.R. § 826.20; 29 CFR § 826.30.

Additionally, Strother fails to allege that her white co-worker permitted to telework was a similarly situated employee. Her co-worker was granted unpaid leave under the Family Medical Leave Act ("FMLA"), the leave was intermittent, and it was limited to around eight hours per week. Dkt. 16 (Ex. I). Unlike the EFMLEA, under which Strother qualified, the FMLA does not provide employees with leave to care for children when they lack childcare. Strother's coworker qualified for FMLA leave based on her need to care for her father. *Id.* Thus, Strother's leave and that of her co-worker stem from factually and legally disparate situations. As "plaintiffs are required to show that they are similar in all relevant respects to their comparator," Strother's Title VII discrimination claim must fail. *Haywood v. Locke*, 387 Fed. Appx. 355, 359 (4th Cir. 2010) (internal citations omitted).

5

Finally, the Complaint fails to state a claim for retaliation under Title VII. To state a claim for retaliation, Strother must show she "engaged in protected activity" and the County "took the adverse action because of the protected activity." *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 543 (4th Cir. 2013); *see also Univ. of Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 362–63 (2013) ("The text, structure, and history of Title VII demonstrate that a plaintiff making a retaliation claim under § 2000e–3(a) must establish that [] her protected activity was a but-for cause of the alleged adverse action by the employer."). Strother has asserted that she complained about her manager to HR, and she attached an email to her opposition showing she sought advice on how to file a complaint against a manager. Dkt. 16 at 2; *id.* (Ex. C)). But Strother has failed to allege any adverse action taken by the County, much less an adverse action causally connected to her filing a charge with the EEOC. Her allegations that her co-workers and managers started treating her differently (plainly conclusory) fail to satisfy the adverse action requirement. Indeed, the U.S. Supreme Court has recognized that "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Without collateral consequences, reprimands "would not dissuade a reasonable employee from engaging in protected activity, and cannot supply the adversity element of a Title VII claim." *Hinton v. Va. Union Univ.*, 185 F. Supp. 3d 807, 832 (E.D. Va. 2016). Thus, Strother cannot proceed on a retaliation claim, as she has failed to allege facts showing the County took adverse action against her for filing a Charge of Discrimination with the EEOC.

**Conclusion**

For the foregoing reasons, the County's motion to dismiss will be **GRANTED** and this case will be dismissed.

The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

Entered this 7th day of July, 2023.

                                                    *[signature]*
                                                    NORMAN K. MOON
                                                    SENIOR UNITED STATES DISTRICT JUDGE